Argued and submitted January 4, affirmed August 17, 1988

# YORK,
### *Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
### *Respondents.*

(87-AB-951; CA A44987)

759 P2d 310

Rosemarie Cordello, Portland, argued the cause for petitioner. With her on the brief were Don S. Willner, and Willner & Kelly, Portland.

No appearance for respondent Employment Division.

No appearance for respondent Rose Haven Nursing Center.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Petitioner seeks review of an order of the Employment Appeals Board which adopted the referee's decision that petitioner was discharged for misconduct. ORS 657.176(2)(a). We affirm.

The referee found:

"(1)   [Petitioner] was employed as a laundry aide by Rose Haven Nursing Center from February 1974 until February 5, 1987. (2) She worked from 7:00 PM to 1:30 AM at an ending rate of $5.20 per hour. (3) Since fall of 1986, there has been a serious effort by United Steel Workers to organize the employes of Rose Haven for collective bargaining purposes. (4) In October, the employer held a mandatory meeting at which employes were advised that they would not be allowed to engage in union-related activities while on duty. (5) The employer also posted its prohibition on solicitation for union representation during working hours.

"(6)   Despite the prohibition, [petitioner] solicited at least two co-workers when they came into the laundry to pick up linen. (7) [Petitioner] became overtly hostile towards one CNA who resisted efforts to gain her support for the union. (8) The major duties of CNA's on the night shift consisted of frequently changing bed linens of incontinent patients. (9) On more than one occasion, [petitioner] refused to give linen to the non-union CNA or made her wait on the pretense that there was no clean linen available. (10) On December 9, 1986, [petitioner] was given a written warning admonishing her for interfering with the work performance of the CNA, soliciting employes in her work area for union representation and using abusive or threatening language towards a fellow employe. (11) Thereafter, [petitioner] did engage in further solicitation for union representation, at least with her relief worker in the laundry. (12) On January 27, 1987, while both were off duty, [petitioner] called the relief worker and suggested that she 'pull a good one' on the employer and not show up for work that night. (13) The relief worker refused to follow [petitioner]'s suggestion then and several nights later when [petitioner] suggested that a 'no show' might be an appropriate response to employer's proposal that their hours of work in the laundry be changed. (14) On at least one occasion in January, [petitioner] again withheld needed linen from the CNA who was not supportive of the union, telling her that it would be at least two hours before the linen would be available. (15) A short time later, [petitioner] gave the same kind of linen to

two other aides who did support the union. (16) [Petitioner] was discharged when the administrator learned of these activities."

The referee also found that petitioner was

"totally lacking in credibility. At one point, she testified that she had never been aware that solicitation for union representation while on duty was even prohibited by the employer. Given the absurdity and patent untruthfulness of that testimony, it was difficult to credit any of [petitioner's] other statements."

The referee concluded that petitioner had committed misconduct in withholding the bed linens and continuing to solicit co-workers while on duty.

Petitioner contends that the findings of the referee and EAB[1] are not supported by substantial evidence, and that even if the findings are accepted, she did not, as a matter of law, commit misconduct. Petitioner does not directly challenge the credibility finding, but asserts that her version of the events was more credible than employer's.

The decision of the EAB must be supported by substantial evidence in the whole record. ORS 657.282, ORS 183.482(8)(c). Although much of the evidence may be susceptible to more than one interpretation, we hold that there is substantial evidence in the record to support the relevant findings of the referee as adopted by EAB. The referee's legal conclusion that petitioner had committed misconduct is also correct. By withholding linens from employes not supportive of the union at the expense of the patients those employes cared for, shortly after receiving a written warning regarding interfering with the work of fellow employes, petitioner committed misconduct.

Affirmed.

---

[1] In its decision adopting the referee's decision, EAB added conclusions of law which we need not address given our disposition of the case.